Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **NOEL TOLEDO SOSA Y OTROS**<br><br>Parte recurrida<br><br>v.<br><br>CÉSAR OMAR MARTINEZ CASTRILLO Y OTROS<br><br>**COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO**<br><br>Parte peticionaria | **TA2026CE00580** | *CERTIORARI*<br>procedente del Tribunal de Primera Instancia Sala Superior de **Caguas**<br><br>Caso Número:<br>**CG2022CV01874**<br><br>Sobre:<br>**Accidente de Tránsito** |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Juez Trigo Ferraiuoli

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de mayo de 2026.

Comparece ante nos la Cooperativa de Seguros Múltiples de Puerto Rico, en adelante, Cooperativa o peticionaria, solicitando que revisáramos la *"Resolución"* del 10 de marzo de 2026, emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, en adelante, TPI-Caguas. En la misma, el Foro Primario declaró *"No Ha Lugar"* una solicitud de sentencia sumaria.

Por los fundamentos que expondremos a continuación, ***denegamos*** expedir el recurso.

## I.

El 15 de noviembre de 2021, Jonás Toledo Vázquez, en adelante, Toledo Vázquez, sufrió un accidente que le provocó la muerte, mientras conducía su motora en el Municipio de Juncos. El impacto recibido por Toledo Vázquez fue propiciado por Cesar Martínez Castrillo, en adelante, Martínez Castrillo.

El 8 de junio de 2022, los padres de Toledo Vázquez, el matrimonio compuesto entre Noel Toledo Sosa y Milagros Vázquez González, en adelante, recurridos, presentaron una *"Demanda"* en concepto de daños y perjuicios contra Martínez Castrillo. Figuró como codemandado, entre otros, la Cooperativa.[1]

Más adelante, siendo el 23 de mayo de 2023, la demanda de epígrafe fue enmendada para traer como codemandados a la parte identificada como Ángel Benabe Vélez, en adelante, Benabe Vélez, por haber este último cedido a Martínez Castrillo el vehículo de motor con el que Toledo Vázquez fue impactado.[2] El reclamo contra la Cooperativa en la demanda enmendada se hizo al amparo de la póliza de auto a nombre de Benabe Vélez.

A consecución, el 18 de septiembre de 2023, la peticionaria presentó una *"Moción de Desestimación"* ante el TPI-Caguas.[3] En la misma adujo que la Cooperativa no tenía conocimiento ni había consentido a la cesión del vehículo. Luego de varias mociones presentadas por las partes, en relación con dicha petición, el 25 de marzo de 2025, el Foro Recurrido declaró *"No Ha Lugar"* la solicitud de desestimación.[4]

Posteriormente, el 21 de enero de 2026, la peticionaria presentó una *"Solicitud de Sentencia Sumaria Parcial"*, argumentando, en esencia, lo mismo.[5] Por su parte, los recurridos presentaron una *"Férrea Moción en Oposición a Solicitud de Sentencia Sumaria".*[6] Así, el 10 de marzo de 2026, el TPI-Caguas emitió una *"Resolución"* declarando *"No Ha Lugar"* la misma. En síntesis, concluyó que la póliza en cuestión era un contrato de adhesión. Aunque reconoció que el contrato requería la notificación

[1] SUMAC, Entrada Núm. 1.
[2] SUMAC, Entrada Núm. 22.
[3] SUMAC, Entrada Núm. 34.
[4] SUMAC, Entrada Núm. 83.
[5] SUMAC, Entrada Núm. 110.
[6] SUMAC, Entrada Núm. 122.

y aprobación de la Cooperativa para una cesión, razonó que nada disponía el mismo de las consecuencias de incumplir con ello.

Inconforme, el 25 de marzo de 2026, la Cooperativa presentó una *"Moción de Reconsideración"*,[7] a la que se opusieron los recurridos el 6 de abril de 2026.[8] Finalmente, el 8 de abril de 2026, el Foro Primario declaró *"No Ha Lugar"* la reconsideración solicitada.

Así las cosas, el 8 de mayo de 2026, la parte peticionaria recurrió ante esta Curia mediante *"Moción en Auxilio de Jurisdicción"* y recurso de *"Certiorari"*. En este último, hizo el siguiente señalamiento de error:

> **Erró el TPI al denegar la Moción de Sentencia Sumaria Parcial bajo el fundamento de que la póliza a favor de Benabe Vélez debe disponer cuál es la consecuencia de una condición impuesta a éste de no transferir sus intereses bajo la misma sin contar con el consentimiento escrito de la aseguradora para así hacerlo. Es decir, el TPI pretende re-escribir los términos claros del acuerdo de seguro entre la Cooperativa y su asegurado sin justificación legal alguna, pretendiendo que la aseguradora asuma un riesgo que no negoció en el referido contrato.**

El 11 de mayo de 2026 emitimos una *"Resolución"* en la que declaramos *"No Ha Lugar"* la petición en auxilio de jurisdicción, y concedimos a la parte recurrida hasta el 19 de mayo de 2026 para presentar su oposición a la expedición del recurso. Luego de una prórroga, el 24 de mayo de 2026, la parte recurrida presentó ante nos su *"Alegato en Oposición a Recurso de Certiorari"*.

Perfeccionado el recurso de autos, procedemos a expresarnos.

**II.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026

---

[7] SUMAC, Entrada Núm. 137.
[8] SUMAC, Entrada Núm. 143.

TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020).

Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la

justicia, entre otras contadas excepciones. *Allio v. Santiago Chardón*, supra; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, supra, pág. 63; *Allio v. Santiago Chardón*, supra; *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**III.**

La parte peticionaria solicitó al Foro Recurrido que dictara sentencia sumaria, de modo que desestimara la demanda en su contra, por entender que en derecho la misma no procede. Por ello, solicita que revoquemos la determinación del TPI-Caguas que

declaró *"No Ha Lugar"* su petición, a la luz de la normativa sobre contratos de adhesión.

Evaluado bajo el crisol de la Regla 52.1 de Procedimiento Civil, *supra*, el argumento de error sobre la denegatoria del TPI-Caguas para dictar sentencia sumaria y desestimar la causa de acción contra la Cooperativa, concluimos que no se justifica nuestra intervención. Según lo dispuesto en la referida Regla y los criterios evaluativos de la Regla 40 de nuestro Reglamento, *supra*, ejercemos nuestra discreción denegando intervenir en los méritos del asunto.

Así, pues, evaluados los hechos particulares que informan este caso, junto a los documentos unidos al expediente, y la normativa que encausa el derecho aplicable, determinamos que no se justifica nuestra intervención. La parte peticionaria no demostró que el tribunal impugnado incurriese en prejuicio, parcialidad, abuso de discreción o error craso y manifiesto. Tampoco nos ha colocado en posición para determinar que, de no intervenir, se produciría un fracaso a la justicia.

**IV.**

Por los fundamentos que anteceden, *denegamos expedir el recurso solicitado.*

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos está conforme y añade lo siguiente. Como cuestión de derecho, el vehículo no cambió de "dueño", pues no hubo traspaso en el Departamento de Transportación y Obras Públicas, ni consentimiento de *Popular Auto* a que otra persona "asumiera la cuenta". Es por ello que, en todo momento pertinente, el "dueño" original (Sr. Benabe) responde por los accidentes del vehículo en controversia y permaneció como persona responsable ante Popular Auto por los pagos correspondientes. Por tanto, al no haber traspaso, ni cesión válida

alguna del vehículo o del contrato de arrendamiento ("lease"), no hubo tampoco "cesión" válida alguna de los intereses del asegurado en la póliza. A los efectos de la póliza, el Sr. Martínez simplemente era una persona autorizada por el Sr. Benabé para usar el vehículo bajo los términos de la póliza, razón por la cual no tiene razón la parte peticionaria al plantear que procedía la desestimación de la reclamación en su contra. Valga señalar, además, que no es vinculante lo resuelto en *Rivera Labarca v. Puerto Rican-American Insurance*, 167 D.P.R. 227 (2006), en el cual descansa la peticionaria, porque se trata de una sentencia, no de una opinión, del Tribunal Supremo de Puerto Rico, publicada únicamente en atención a que dos integrantes de dicho Tribunal suscribieron una opinión disidente.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones